*Cleary & West, for appellee.*

---

## S. A. LEE *v.* G. W. DAVIS.

**Contracts—Work and Labor—Abandonment—Quantum Meruit—Damages.**

Where one undertakes, for a consideration paid or to be paid by another, to perform work and labor, or to fulfill a contract by the performance of services and before the contract is completed abandons the work, he is entitled to recover upon a quantum meruit the value of his labor performed, less the amount of damages the other party has sustained by reason of his failure to comply with the contract.

**Contracts—Failure to Perform—Forfeiture.**

The object of the forfeiture or its being made a part of the contract, was to insure its fulfillment, and when this is the case and the party seeking the forfeiture has his remedy to recover damages by suit, the forfeiture which amounts to a penalty only can not be enforced.

**Contracts—Implied Promise to Pay.**

   A party violating a contract may assert his claim for services, not upon the contract, but upon the implied promise to pay what his services were reasonably worth.

### APPEAL FROM McLEAN CIRCUIT COURT.

November 8, 1871.

OPINION BY JUDGE PRYOR:

   The rule of law applicable to a case like this is, that where one undertakes for a consideration paid or to be paid by another to perform work and labor, or to fulfill a contract by the performance of services and before the contract is completed, abandons the work, he is entitled to recover upon a quantum merrit the value of his labor performed, less the amount of damages the party has sustained by reason of the failure upon the part of the party agreeing to perform the work to comply with the contract.

   In this case the proof conduces to show that the appellee had the right to abandon the contract, and whether he did or not under the instructions given by the court the jury was told that if the appellee had violated his contract the defendant was entitled to damages therefor to be credited on appellee's claim for services. This was in substance the law of the case. It is true that by the contract the appellee, if he failed to comply with its terms, was to forfeit all right to recover for what services he had rendered, still when the appellee violated his agreement and refused to work the year the appellant could have resorted to his action and have been fully compensated in that way for the damages he had sustained.

   The object of the forfeiture or its being made a part of the contract was to insure its fulfillment, and when this is the case and the party seeking the forfeiture has his remedy to recover damages by suit, the forfeiture, which amounts to a penalty only, cannot be enforced.

   The party violating the contract may assert his claim for services not upon the contract, but upon the implied promise to pay what his services were reasonably worth. *Foster v. Watson,* 16 B. Monroe 377.

In this case, however, it is not so clear that the appellee was in the wrong, and really the instructions are more prejudicial to him than the appellant. There was no proof that the appellee killed the horse, or that it died whilst in his possession. He should not be made to account for his value, as by the contract the title to the horse could not have vested in the appellee until he had complied with its terms. The judgment of the court below is *affirmed*.

*Turner*, for appellant.

*Johnson*, for appellee.